IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

JERRY L. STARK,

          Petitioner,

    vs.                      **Case No. 05-3232-RDR**

DAVID R. McKUNE, et al.,

          Respondents.

_____

<u>MEMORANDUM AND ORDER</u>

Petitioner is incarcerated upon a state court conviction. This case is now before the court upon petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner proceeds <u>pro se</u>.

I.  <u>Habeas standards</u>

A writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or, "was based on an unreasonable determination of the facts in light of the evidence presented at trial." 28 U.S.C. § 2254(d)(1)&(2). State court factual findings, including credibility findings, are presumed correct, absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); see also <u>Smith v. Gibson</u>, 197 F.3d 454, 459 (10th Cir. 1999) <u>cert. denied</u>, 531 U.S. 839 (2000); <u>Baldwin v. Johnson</u>, 152 F.3d 1304, 1317 (11th Cir. 1998) <u>cert. denied</u>,

526 U.S. 1047 (1999); Nguyen v. Reynolds, 131 F.3d 1340, 1359

(10th Cir. 1997) cert. denied, 525 U.S. 852 (1998).

The Supreme Court has stated that a state court decision is

"contrary to" clearly established federal law "if the state

court applies a rule that contradicts the governing law set

forth in our cases" or if the state court "confronts a set of

facts that are materially indistinguishable from a decision of

this Court and nevertheless arrives at a result different from

our precedent."   Williams v. Taylor, 529 U.S. 362, 405-06

(2000).  A state court decision is an unreasonable application

of federal law "if the state court identifies the correct

governing legal principle from this Court's decisions but

unreasonably applies that principle to the facts of the

prisoner's case."  Id. at 413.

The law limits the authority of the court to hold an

evidentiary hearing upon petitioner's application for relief:

> If the applicant has failed to develop the factual
> basis of a claim in State court proceedings, the court
> shall not hold an evidentiary hearing on the claim
> unless the applicant shows that - - (A) the claim
> relies on - - (i) a new rule of constitutional law,
> made retroactive to cases on collateral review by the
> Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been
> previously discovered through the exercise of due
> diligence; and (B) the facts underlying the claim
> would be sufficient to establish by clear and
> convincing evidence that but for constitutional error,
> no reasonable factfinder would have found the
> applicant guilty of the underlying offense.

2

28 U.S.C. § 2254(e)(2).

    II. <u>Case history</u>

On October 31, 2000, petitioner was convicted by a jury of one count of aggravated indecent liberties with an 8-year-old child. He was acquitted by the same jury of two other counts alleging the same violation. Approximately one month later he was sentenced to a term of 494 months. Petitioner filed an appeal where he argued the trial court abused its discretion in admitting evidence of prior convictions in Florida for sexual battery involving girls aged 12 and 15 in the early 1980's. On March 8, 2002 the Kansas Court of Appeals affirmed the conviction. On June 13, 2002 the Kansas Supreme Court denied review.

Petitioner filed a state petition for habeas corpus pursuant to K.S.A. 60-1507 on October 10, 2002. He raised three issues: denial of effective assistance of counsel; denial of his right to testify on his own behalf; and insufficiency of the evidence. The petition was denied by the district court on April 3, 2003. Petitioner appealed and the district court's action was affirmed by the Kansas Court of Appeals on July 16, 2004. Part of the appellate court's ruling was that petitioner had failed to address the insufficiency of the evidence claim and therefore had abandoned the issue. The Kansas Supreme Court denied review

3

on September 14, 2005.  The instant § 2254 petition was filed on
May 20, 2005.

III.  <u>Petitioner's arguments</u>

A.  <u>Evidence of Prior Convictions</u>

Petitioner asserts that the trial court abused its
discretion in admitting evidence of petitioner's prior criminal
convictions.  He has had a full and fair opportunity to litigate
this claim.  This issue was argued at the trial level and on
direct appeal.  The rulings against petitioner were based upon
state evidentiary rules and are not cognizable in a federal
habeas corpus proceeding.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-
68 (1991).  To the extent that petitioner's federal
constitutional rights are implicated, the court must be
concerned with whether the state court evidentiary rulings
"'rendered the trial so fundamentally unfair that a denial of
constitutional rights results.'"  <u>Duckett v. Mullin</u>, 306 F.3d
982, 999 (10th Cir. 2002) <u>cert. denied</u>, 538 U.S. 1004 (2003)
(quoting <u>Mayes v. Gibson</u>, 210 F.3d 1284, 1293 (10th Cir.), <u>cert.
denied</u>, 531 U.S. 1020 (2000)).  "[W]e will not disturb a state
court's admission of evidence of prior crimes, wrongs or acts
unless the probative value of such evidence is so greatly
outweighed by the prejudice flowing from its admission that the
admission denies defendant due process of law."  <u>Hopkinson v.</u>

4

<u>Shillinger</u>, 866 F.2d 1185, 1197 (10th Cir. 1989), *overruled on other grounds by* <u>Sawyer v. Smith</u>, 497 U.S. 227 (1990).  Two federal cases provide examples of prior convictions being admitted under somewhat similar circumstances.  <u>U.S. v. Julian</u>, 427 F.3d 471, 485-88 (7th Cir. 2005) <u>cert. denied</u>, 2006 WL 219982 (2006) (sexual assault upon a minor which occurred 12 years prior to events at issue admitted under FED.R.EVID. 413 in case charging defendant with conspiracy to travel in foreign commerce to engage in sexual conduct with a minor); <u>U.S. v. Breitweiser</u>, 357 F.3d 1249, 1254 (11th Cir.) <u>cert. denied</u>, 541 US. 1091 (2004) (evidence of previous sexual conduct with children admitted under FED.R.EVID. 404(b) to show intent in prosecution on charge of abusive sexual contact with a minor); see also, FED.R.EVID. 414 (allowing evidence of prior offenses of child molestation in a child molestation prosecution).  We find no fundamental unfairness in the admission of the challenged evidence of prior convictions.  Therefore, we reject this claim for habeas relief.

     B.  <u>Ineffective Assistance of counsel</u>

       1.  **Response to alleged prosecutorial misconduct**

Petitioner asserts that he received ineffective assistance of counsel when his trial counsel failed to object or move for mistrial after the prosecutor made the following statement in closing argument:  "Ladies and gentlemen, he did it.  It's more

5

than a possibility.  It happened."

Ineffective assistance of counsel claims are governed by the standards in Strickland v. Washington, 466 U.S. 668 (1984).  "A petitioner must show both that counsel's performance was deficient and that the deficient performance prejudiced the petitioner's defense."  Wiggins v. Smith, 539 U.S. 510, 521 (2003).  "Deficient performance" is proven by demonstrating that counsel's performance "fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 688.  "Prejudice" is proven by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

The Supreme Court stated in Strickland:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, that the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

466 U.S. at 689 (interior quotations omitted).

The court does not believe that trial counsel's failure to object to the prosecutor's comment in closing argument amounts to ineffective assistance of counsel for the following reasons.

First, we do not believe that the comments in closing argument were improper.  The Kansas Supreme Court has stated that:  "In criminal trials, the prosecution is given wide latitude in both the language and in the manner or presentation of closing argument as long as the argument is consistent with the evidence." State v. Mann, 56 P.3d 212, 227 (Kan. 2002).  The comments in this instance were consistent with the evidence. Furthermore, comments by prosecutors in closing argument which are similar to those criticized by petitioner in this case have been found to be within the wide latitude afforded by courts. Id. (Finding no impropriety in prosecutor stating in closing argument:  "The [S]tate believes that [Diaz] was killed with premeditation intentionally, first degree, and this is why."); State v. McCorkendale, 979 P.2d 1239, 1251-52 (Kan. 1999) (finding no impropriety in prosecutor stating in closing argument:  "This is not an accidental killing" and "This is an intentional killing"); see also, U.S. v. Plumley, 207 F.3d 1086, 1094 (8th Cir. 2000) (prosecutor's statement, "here's what happened in my view" should be read as the equivalent of saying "here is what the evidence established").  Because the statements in closing argument were not improper, counsel did not act deficiently by failing to object or to appeal on the basis of the comments.

Petitioner's claim of ineffective assistance of counsel must also be rejected because, even if the comments in closing argument were improper, they were not so prejudicial as to deny petitioner a fair trial. The Kansas Supreme Court has stated that in assessing claims of prosecutorial misconduct involving improper remarks in closing argument, a court "must determine whether the remarks constitute plain error; that is, whether they are so gross and flagrant as to prejudice the jury against the accused and deny him or her a fair trial, requiring reversal." McCorkendale, 979 P.2d at 1250. For the following reasons, the court does not believe the remarks to which petitioner objects are so flagrantly improper that they denied petitioner a fair trial.

First, the comments were singular and isolated. See U.S. v. Larranaga, 787 F.2d 489, 502 (10th Cir. 1986) (brief comment by prosecuting attorney expressing personal opinion that perjury was committed, while improper, did not call for reversal); Soap v. Carter, 632 F.2d 872, 877 (10th Cir. 1980) cert. denied, 451 U.S. 939 (1981) (expression by prosecutor of personal opinion of guilt, while improper, was a minor trial error). Second, the jury acquitted petitioner of two of three counts. This suggests that the jury was not prejudiced by the comments in closing that petitioner "did it" and "it happened." See U.S. v. Young, 470

8

U.S. 1, 18 n.15 (1985) (jury's rejection of most serious charge against defendant supports conclusion that prosecutor's remarks did not undermine fairness and independence of jury).   Third, the jury was instructed that the statements of counsel are not evidence and that the jury should disregard any remark of counsel that has no basis in the evidence.   We may presume that the jury followed these instructions.   See Hooper v. Mullin, 314 F.3d 1162, 1173 (10th Cir. 2002) cert. denied, 540 U.S. 838 (2003) (considering jury instruction to avoid having sympathy guide deliberations in evaluating impact of remarks in closing argument which solicited sympathy for victim of brutal murder). Fourth, the evidence in the trial is sufficiently strong that it suggests that the prosecutor's statements were not so influential as to tip the scales for the prosecution.   The victim in this case was an 8-year-old girl.   Her testimony at trial was that petitioner touched her underneath her shorts on her vaginal area at a picnic table in a park.   Her 10-year-old sister testified that she witnessed that act while she was on a slide.   The testimony appeared consistent with what the victim told her mother and her mother's husband on the day of the alleged crime.   It was also consistent with what the victim told a police detective.   The police detective also testified that petitioner told him that it was possible that he placed his hand

9

inside the victim's shorts on the day in question.   This evidence is sufficiently strong that it dispels any impression that the challenged remarks in closing argument improperly influenced the jury.   See <u>Hopkinson</u>, 866 F.2d at 1210 (reviewing the strength of the evidence to determine whether to grant habeas relief on the basis of a prosecutor's improper statements).

In sum, we do not find that the failure to object to the statements of the prosecutor in the closing argument of petitioner's trial caused prejudice that affected the result of the trial.

## 2.  **Advice not to testify**

Petitioner asserts that his trial counsel was ineffective because he did not explain petitioner's right to take the stand and testify at his trial, and because he advised petitioner not to testify during the trial.   We reject this argument for habeas relief for the following reasons.   First, the record before the court does not reflect that petitioner wished to testify or that he did not understand that he had the right to testify in spite of the advice of his counsel.   The trial transcript shows that defense counsel indicated to the trial judge in the absence of the jury after the close of the State's case that he would present evidence.   Upon return from a recess, however, defense

counsel then announced that the defense would not present evidence and would rest.   Petitioner did not object to this strategy until he filed his state habeas petition, although he was represented by different counsel on direct appeal. Petitioner does not argue in his brief that he was prevented from testifying.   Instead, he contends that he was advised not to testify and accepted that advice.

The advice not to testify is a legitimate matter of trial strategy.   Cf., <u>Hooks v. Ward</u>, 184 F.3d 1206, 1219 (10th Cir. 1999) (finding no error from advice not to testify).   Had petitioner testified, he would have been subject to cross-examination which may have included references to prior convictions in Florida and California, as well as allegations of other misconduct involving the alleged victims in this case. Although the Florida convictions had already been referenced in the trial, additional references could have been made if petitioner had testified at trial.   In sum, there were legitimate reasons for petitioner to refrain from giving testimony at the trial.

Finally, petitioner has not asserted or described how his trial testimony would have changed the result of the trial.   To establish ineffective assistance of counsel, petitioner must show a reasonable probability that but for the alleged errors of

11

counsel, the result of the proceeding would have been different. <u>Hooks</u>, 184 F.3d at 1218.   This provides further grounds to reject petitioner's claim for relief.

          C.  <u>Sufficiency of the evidence</u>

     Finally, petitioner claims he is entitled to relief from his conviction because the evidence did not support it.   We agree with respondent that petitioner failed to raise this claim before the state courts and, therefore, is procedurally barred from bringing it here.

     "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." <u>Montez v. McKinna</u>, 208 F.3d 862, 866 (10th Cir. 2000).   See also, <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842-45 (1999) (when prisoner alleges state conviction violates federal law, state court must have full opportunity to review claim prior to prisoner seeking federal relief).   The exhaustion of state remedies requires properly presenting the claims in the highest court on direct appeal or in a post-conviction attack. <u>O'Sullivan</u>, 526 U.S. at 842; <u>Dever v. Kansas State Penitentiary</u>, 36 F.3d 1531, 1534 (10th Cir. 1994).   Issues are not addressed in a habeas proceeding if they have been "defaulted in state court on an independent and adequate state procedural ground, unless cause and prejudice or a fundamental miscarriage of justice is

shown." <u>Maes v. Thomas</u>, 46 F.3d 979, 985 (10th Cir.) <u>cert. denied</u>, 514 U.S. 1115 (1995).

In this instance, petitioner did not address his claim of insufficiency of the evidence in his appeal of the denial of his state habeas petition.   The state court of appeals therefore found that petitioner had abandoned that claim.   This holding was in accord with well-established state law.   See <u>State v. Brown</u>, 35 P.3d 910, 912 (Kan. 2001); <u>State v. Edwards</u>, 917 P.2d 1322, 1324 (Kan. 1996).

In his traverse in response to the respondent's answer and return, petitioner suggests that there would not have been procedural default upon this issue if it had been raised by appellate counsel on direct appeal.   This, however, does not excuse petitioner abandoning the issue on the appeal of his state habeas petition.   A failure by counsel to raise an issue on direct appeal does not constitute good cause for petitioner to fail to brief the issue in the <u>pro se</u> appeal of his 60-1507 petition.   Moreover, petitioner does not directly argue and the court does not find that a fundamental miscarriage of justice would occur if a procedural default was found in this instance. "The fundamental miscarriage of justice exception is implicated only 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" <u>Lepiscopo v.</u>

Tansy, 38 F.3d 1128, 1131 (10th Cir. 1994) cert. denied, 514 U.S. 1025 (1995) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).  Petitioner has not referred the court to evidence or omissions in the record which persuade the court of a probability that he was actually innocent.  Indeed, upon reviewing the trial record, we believe there is adequate evidence to support the underlying conviction in this matter.

IV.  Conclusion

In conclusion, for the above-stated reasons, the court shall deny the petition for relief under 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

Dated this 27th day of March, 2006 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge

14